UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION NO. |
| DAJOUR HIGH | 1:23-CR-407-SEG-JSA-04 |

## **O R D E R**

On December 12, 2023, a grand jury returned an indictment charging Defendant Dajour High with (1) conspiracy to possess with intent to distribute at least 500 grams of cocaine (in violation of 21 U.S.C. §§ 841 and 846); (2) possession with intent to distribute at least 500 grams of cocaine (in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2); and (3) possession of a firearm in furtherance of a drug trafficking crime (in violation of 18 U.S.C. § 924(c)). (Doc. 1). Mr. High moves to suppress the results of a warrantless search of his vehicle. (Doc. 66.) The Magistrate Judge recommends that his motion be denied. (Doc. 88.) Mr. High has filed objections to the R&R. (Doc. 92.) After careful consideration, the Court enters the following order.

**I.   Legal Standard**

Pursuant to 28 U.S.C. § 636(b)(1), the Court must conduct a de novo review of those portions of the R&R to which Defendant has timely and

specifically objected. The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667 (1980). For a party's objections to warrant de novo review, he "must clearly advise the district court and pinpoint the specific findings that [he] disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). Those portions of the R&R to which there are no objections will be assessed for clear error only. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006) ("[I]ssues upon which no specific objections are raised do not so require de novo review; the district court may therefore 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]' applying a clearly erroneous standard.") (quoting 28 U.S.C. § 636(b)(1)).

## II. Discussion

Mr. High objects to the Magistrate Judge's finding that Georgia State Patrol Officer Brodie Forrester had reasonable and articulable suspicion that Mr. High committed a traffic violation sufficient to justify the stop of Mr. High's vehicle. After conducting an evidentiary hearing at which Officer Forrester testified, the Magistrate Judge found that the Government had met

its burden to show that Officer Forrester stopped Mr. High's vehicle with reasonable and articulable suspicion that Mr. High committed a traffic violation when he failed to activate his vehicle's headlights in rainy conditions. (Doc. 88 at 10.) The Magistrate Judge specifically found as follows:

> It is undisputed that, under Georgia traffic law, cars must activate their headlights during rainy conditions. O.C.G.A. § 40-8-20. It is also undisputed that [Mr. High's car] did not have its headlights activated. The factual dispute offered by Defendant was as to whether it was genuinely "raining" at the time of the traffic stop. The Court finds that Forrester had at least reasonable suspicion to believe that it was raining. Indeed, Forrester testified that it was raining, and no contrary testimony was offered from any other witness, even though other officers were present for that traffic stop along with the Defendant himself.

(Doc. 88 at 10.) The Court has reviewed the record in this case on a de novo basis. After an independent review, the Court agrees with the Magistrate Judge that Officer Forrester had reasonable suspicion to stop Mr. High.

"[A] traffic stop is a constitutional detention if it is justified by reasonable suspicion . . . or probable cause to believe a traffic violation has occurred." *United States v. Chanthasouxat*, 342 F.3d 1271, 1275 (11th Cir. 2003); *see also Terry v. Ohio*, 392 U.S. 1 (1968). "[A]n officer making a stop must have 'a particularized and objective basis for suspecting the person stopped of criminal activity.'" *United States v. Campbell*, 26 F.4th 860, 880 (11th Cir. 2022) (quoting *Navarette v. California*, 572 U.S. 393, 396 (2014)). "Even minor traffic violations qualify as criminal activity." *Campbell*, 26 F.4th at 880.

3

O.C.G.A. § 40-8-20 states:

> Every vehicle upon a highway within this state . . . at any time when it is raining in the driving zone and at any other time when there is not sufficient visibility to render clearly discernible persons and vehicles on the highway at a distance of 500 feet ahead shall display lights, including headlights, and illuminating devices as required in this part for different classes of vehicles . . .

According to Officer Forrester, at the time he stopped Mr. High's car, weather conditions were "cloudy and rainy." (Transcript of Evidentiary Hearing, Aug. 19, 2024, Doc. 82 at 26.)[1] The rain was not "heavy[,]" but it was "drizzl[ing]." (*Id.*) Officer Forrester accordingly had his headlights and windshield wipers on as he drove. (*Id.*) Many other vehicles on the highway were also using their headlights. (*Id.* at 26, 28.) Mr. High's car, however, did not have its main lights illuminated, despite the rainy conditions. (*Id.* at 30-31.) As Officer Forrester testified, he told Mr. High that the reason for the stop was: "[n]o taillights and subsequently no headlights on in the rain." (*Id.* at 30.) He recorded the same in his police report documenting the stop. (*Id.* at 54.)

The Court has conducted an independent review of the relevant video footage. The undersigned finds, as the Magistrate Judge did, that the footage is consistent with Officer Forrester's testimony about the weather on the date and time of the stop. As the Magistrate Judge noted, "the footage shows wet

---

[1] The cited page numbers refer to those generated by the ECF filing system.

4

road conditions and water splashing on Forrester's windshield[,] (Doc. 88 at 4) and it "appear[s] to show rain at least in real-time speed while the car was driving." (*Id*. at 12.)

Mr. High objects that Officer Forrester lacked "particularity and an objective basis to meet his burden to establish reasonable suspicion" because (1) Officer Forrester's admission that he was texting while driving shows that he was insufficiently focused on "ascertaining the road conditions[;]" and (2) "the fact that water droplets stopped hitting Forrester's windshield as the cars came to a stop" suggests that "it was not raining to trigger O.C.G.A. 40-8-20." (Doc. 92 at 2.)

As for the first objection, the Court does not find it persuasive when considered in light of the record evidence and totality of the circumstances. The Court can take judicial notice of the fact that it is possible to send and receive a text message while simultaneously being generally aware of basic facts about one's surroundings. And here, Mr. High points to no evidence suggesting that Officer Forrester was so distracted by text messaging that he failed to appreciate whether or not it was raining.

As for the second objection, the Court cannot agree that a brief lull in precipitation at the time Officer Forrester stopped Defendant negated the

existence of reasonable suspicion.[2]  Again, Officer Forrester testified that it was raining when he and Mr. High were driving and that his reason for stopping Mr. High was that Defendant did not have his headlights on in the rain.  (Doc. 82 at 55, 60, 74; *see also* Gov't Ex. 3 (dashcam footage).)  Officer Forrester's testimony about rainy conditions and his reason for the stop was corroborated by visibly wet road conditions, his use of windshield wipers on his vehicle, and the presence of other cars operating with their headlights on, all of which can be seen in the dashcam footage.  Even if the rain let up when Mr. High's car came to a stop, that fact does not undermine the officer's reasonable suspicion that Mr. High's car *had previously* been driving in the rain without headlights illuminated.

Further, even if Officer Forrester was mistaken, and that, at a certain point, the water droplets hitting his windshield were splashing up from the roadway instead of falling from the sky, an officer's mistake of fact can still provide the objective basis for reasonable suspicion or probable cause for a traffic stop.  *Chanthasouxat*, 342 F.3d at 1276 ("A traffic stop based on an

---

[2] The footage does appear to show a lull in the rain as Officer Forrester stopped Mr. High's car.  *See* Government's Exhibit 3 at 1:30.  According to the dash cam footage, it started to drizzle again about 21 minutes later (*id.* at 22:55), and to rain in earnest approximately 30 minutes into the traffic stop (*id.* at approximately 33:00-43:00).

officer's incorrect but reasonable assessment of facts does not violate the Fourth Amendment.") "The pertinent question … is whether it was reasonable for the officer to believe that a traffic offense had been committed." *Id*. at 1277. As the Magistrate Judge stated: "[t]he Government does not have to prove the exact timing and trajectory of the water droplets to a certainty. The Government's burden is simply to show that Forrester reasonably *suspected* that the [Defendant's] Altima was driving in rain without headlights, based on specific and articulable facts." (Doc. 88 at 11)).  Here, based on Officer Forrester's testimony and the corroborating dashcam footage, the Government met its burden to establish that Officer Forrester had reasonable suspicion to stop Mr. High for not illuminating his headlights in rainy conditions.[3]

---

[3] To complete the record, the Court concludes that the Magistrate Judge did not clearly err with respect to the portions of the R&R to which Defendant did not object.

## III. Conclusion

For the reasons explained above, the Court OVERRULES Mr. High's objections (Doc. 92) and ADOPTS the Magistrate Judge's R&R (Doc. 88). Mr. High's motion to suppress evidence (Doc. 66) is DENIED.

**SO ORDERED** this 25th day of November, 2024.

_____
SARAH E. GERAGHTY
United States District Judge